1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Daniel M. Cislo, Esq., No. 125,378
Dennis Larson, Esq., No. 48,983
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401-4110
Telephone:   (310) 451-0647
Facsimile:   (310) 394-4477
Email:    dan@cislo.com
         dlarson@cislo.com

**JS-6**

Attorneys for
Homeland Housewares, LLC,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC., a California limited liability company,<br><br>         Plaintiff,<br><br>    vs.<br><br>FRY'S ELECTRONICS, INC., a California corporation, INTERNATIONAL ORBIT, INC., a California corporation, GIFT & WORKS USA, INC., a New York corporation, and DOES 1 through 9, inclusive.<br><br>         Defendants. | **CASE NO. CV 07-6790 DSF (JTLx)**<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS FRY'S ELECTRONICS, INC., A CALIFORNIA CORPORATION, INTERNATIONAL ORBIT, INC., A CALIFORNIA CORPORATION AND GIFT & WORKS USA, INC., A NEW YORK CORPORATION** |

1   This Consent Judgment and Permanent Injunction is made pursuant to the
2   parties' March 14, 2008 confidential Settlement Agreement and Stipulation with
3   reference to the following facts:

5   A.   Plaintiff HOMELAND HOUSEWARES, LLC ("HOMELAND") in this
6   action alleges patent, trademark and trade dress infringement, false designation of
7   origin in violation of the Lanham Act, Copyright infringement and California state
8   trademark infringement and unfair competition, and tortious interference with
9   economic relationships against Defendants (i) FRY'S ELECTRONICS, INC., a
10  California corporation (referred to herein at times as "FRY'S"),
11  (ii) INTERNATIONAL ORBIT, INC., a California corporation (referred to herein at
12  times as "INTERNATIONAL ORBIT") and GIFT & WORKS USA, INC., a New
13  York corporation (referred to herein at times as "GIFT & WORKS") and seeks
14  injunctive relief against FRY'S ELECTRONICS, INC.'S, INTERNATIONAL
15  ORBIT'S and GIFT & WORKS' continued alleged unfair business practices and
16  infringing use of HOMELAND's patents, copyright and MAGIC BULLET®
17  trademarks and reimbursement of its attorney fees and costs.

19  B.   HOMELAND uses the trademark MAGIC BULLET® in connection
20  with the sale of its highly successful MAGIC BULLET® blender products.

22  C.   HOMELAND has acquired and uses federal Trademark Registrations
23  and filings for MAGIC BULLET (stylized design mark, U.S. Registration
24  No. 2,947,494); MAGIC BULLET (word mark, U.S. Registration No. 2,947,492);
25  DOES ANY JOB IN 10 SECONDS OR LESS (word mark, U.S. Registration
26  No. 3,166,838); THE MAGIC BULLET (word mark in stylized form, U.S.
27  Registration No. 2,929,383); MAGIC BULLET EXPRESS (word mark in stylized
28  form, U.S. Registration No. 3,043,909); BULLET BLENDER (word mark, U.S.

1  Registration No. 2,947,491); BULLET JUICER (word mark, U.S. Registration
2  No. 2,947,493) and two design marks (Registration Nos. 3,300,425 and 3,315,116) as
3  applied to kitchen appliances, namely food processors in connection with the sale,
4  offering for sale, distribution, or advertising of any goods or services on or in
5  connection with which such use.

7  D.   HOMELAND has acquired and uses federal Copyright Registrations and
8  filings for The Magic Bullet 10 Seconds Recipes and User Guide, Registration
9  No. TX 5-947-688 and Magic Bullet Retail Box, Registration No. VA 1-360-760.

11 E.   HOMELAND has acquired and uses federal Design Patent Registrations
12 and filings for Mug, U.S. Des. Patent D500,633, Mugs U.S. Des. Patent D501,759,
13 Mug U.S. Des. Patent D517,862, Mug U.S. Des. Patent D519,321, Mug U.S. Des.
14 Patent D521,802, Blender and Mug Set U.S. Des. Patent D536,216 and Mug U.S.
15 Des. Patent D532,255.

17 F.   FRY'S, INTERNATIONAL ORBIT and GIFT & WORKS advertised
18 and/or sold blender products under the AMAZING BULLET® name, including to
19 consumers through the FRY'S store.

21 G.   FRY'S, INTERNATIONAL ORBIT and GIFT & WORKS deny any
22 wrongdoing but in order to resolve this dispute agree to the terms herein; and

24 H.   Plaintiff HOMELAND and Defendants FRY'S, INTERNATIONAL
25 ORBIT and GIFT & WORKS have agreed to have the following Consent Judgment
26 and Permanent Injunction, subject to this Court's approval.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2nd Street
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

1  WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

A Permanent Injunction shall be entered as follows:

2. Defendants FRY'S ELECTRONICS, INC., a California corporation, INTERNATIONAL ORBIT, INC., a California corporation, GIFT & WORKS USA, a New York corporation and their predecessors, successors and assigns and past and present and future agents, directors, employees, officers, attorneys, representatives and all other persons acting in concert or in participation with FRY'S, INTERNATIONAL ORBIT and/or GIFT & WORKS shall not knowingly use in commerce any unauthorized reproduction, counterfeit, copy, or colorable imitation of the trademarks MAGIC BULLET (stylized design mark, U.S. Registration No. 2,947,494); MAGIC BULLET (word mark, U.S. Registration No. 2,947,492); DOES ANY JOB IN 10 SECONDS OR LESS (word mark, U.S. Registration No. 3,166,838); THE MAGIC BULLET (word mark in stylized form, U.S. Registration No. 2,929,383); MAGIC BULLET EXPRESS (word mark in stylized form, U.S. Registration No. 3,043,909); BULLET BLENDER (word mark, U.S. Registration No. 2,947,491); BULLET JUICER (word mark, U.S. Registration No. 2,947,493) and two design marks (Registration Nos. 3,300,425 and 3,315,116) as applied to kitchen appliances, namely food processors in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to

1  deceive; or reproduce, counterfeit, copy, or colorably imitate the foregoing marks as applied to kitchen appliances, namely food processors and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive.  Defendants FRY'S, INTERNATIONAL ORBIT and GIFT & WORKS and any related parties shall also not use any of the foregoing trademarks as meta tags on any website; nor shall Defendants FRY'S, INTERNATIONAL ORBIT and GIFT & WORKS and any related parties purchase these words as search terms on the Internet.

3.     Defendants FRY'S, INTERNATIONAL ORBIT and GIFT & WORKS and any related parties shall not knowingly use on or in connection with any goods or services, or any container for goods, in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact relating to MAGIC BULLET, THE MAGIC BULLET, MAGIC BULLET EXPRESS, BULLET BLENDER, BULLET JUICER, and DOES ANY JOB IN 10 SECONDS OR LESS or the trade dress as shown in Exhibit 1 incorporated herein, which:

(a)     is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants FRY'S, INTERNATIONAL ORBIT or GIFT & WORKS and related parties with HOMELAND, or as to the origin, sponsorship, or approval of Defendants FRY'S, INTERNATIONAL ORBIT or GIFT & WORKS and related parties' goods, services, or commercial activities by HOMELAND, or

(b) in commercial advertising or promotion misrepresents the nature characteristics, qualities, or geographic origin of Defendants FRY'S, INTERNATIONAL ORBIT or GIFT & WORKS and related parties with HOMELAND's goods, services, or commercial activities.

4. Defendants FRY'S, INTERNATIONAL ORBIT, GIFT & WORKS and related parties shall not

(a) reproduce The Magic Bullet 10 Second Recipes and User Guide or Magic Bullet Retail Box in copies;

(b) prepare derivative works based upon The Magic Bullet 10 Second Recipes and User Guide or Magic Bullet Retail Box;

(c) distribute copies of the Magic Bullet 10 Second Recipes and User Guide or Magic Bullet Retail Box to the public by sale or other transfer of ownership, or by rental, lease, or lending, or

(d) display The Magic Bullet 10 Second Recipes and User Guide or Magic Bullet Retail Box publicly.

5. Defendants FRY'S, INTERNATIONAL ORBIT or GIFT & WORKS and related parties shall not knowingly make, use, offer to sell, or sell any goods, without authority from HOMELAND, having the claimed design of U.S. Des. Patent D500,633, U.S. Des. Patent D501,759, U.S. Des. Patent D517,862, U.S. Des. Patent D519,321 or U.S. Des. Patent D521,802 or to offer to sell or sell within the United States or import into the United States any goods having the claimed design of U.S. Des. Patent D500,633, U.S. Des. Patent D501,759, U.S. Des. Patent D517,862, U.S.

Des. Patent D519,321 or U.S. Des. Patent D521,802 during the term of the patent therefore, or to actively induce infringement of U.S. Des. Patent D500,633, U.S. Des. Patent D501,759, U.S. Des. Patent D517,862, U.S. Des. Patent D519,321 or U.S. Des. Patent D521,802 or to offer to sell or sell within the United States or import into the United States a component of a mug or mugs claimed in U.S. Des. Patent D500,633, U.S. Des. Patent D501759, U.S. Des. Patent D517,862, U.S. Des. Patent D519,321 or U.S. Des. Patent D521,802, which constitutes a material part of the claimed invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

6. In the event either HOMELAND or Defendants FRY'S, INTERNATIONAL ORBIT, GIFT & WORKS or any related parties are required to make application to this Court to enforce the terms of this Consent Judgment or the parties' confidential Settlement Agreement, such prevailing party shall be entitled to recover from the non-prevailing other party (or parties), all reasonable attorney fees and expenses related to such enforcement.

7. This Court shall retain subject matter and personal jurisdiction over the parties for the interpretation and enforcement for all purposes of the parties' said confidential Settlement Agreement and this Consent Judgment and Permanent Injunction.

DATED: April 30, 2008

_____
DALE S. FISCHER, U.S. District Judge

T:\07-20117\[Proposed] Judgment.doc